UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARK MEYER,
  Plaintiff,

vs.                No. 06-1232

RENEE KELLY,
  Defendant.

<u>ORDER</u>

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Mark Meyer, has used a standard complaint form and filled in the box stating that he is bringing his lawsuit pursuant to 28 U.S.C. §1331. However, it does not appear that the plaintiff is a federal prisoner, nor is he suing federal officials. The plaintiff has identified himself as an inmate at a state correctional center, Hill Correctional Center, and he has named one state parole officer as defendant, Renee Kelly. Therefore, his suit is pursuant to 42 U.S.C. §1983. The plaintiff is claiming that his parole officer violated his constitutional rights.

      The body of the plaintiff's complaint is one paragraph. The plaintiff states that on December 7, 2005, "I was violated due to I could not find a job due to mental state Officer Kelly never made the necessary arrangements for counseling." (Comp, p. 4) In addition, the plaintiff states that Kelly was "to find other places for me to go if I could not pay rent and should be paid $100,000 plus $100 a day since December 7, 2005." (Comp., p. 4).

      The plaintiff has failed to state a violation of his constitutional rights. The parole officer's failure to help the plaintiff find a job, or the proper counseling, or a new residence may have been a breach of Kelly's "duties as a parole officer, but it was not a violation of plaintiff's substantive due process rights. The due process clause prohibits government interference in certain aspects of life; it does not impose an affirmative duty on the government to assist individuals in making their lives better." *Yoder v. Wisconsin Dept. of Corrections,* 2004 WL 602647 at 7 (W.D. Wis. 2004). *See also Senger v. Jordan,* 1989 WL 36225 at 2 (N.D. Ill. 1989) (the deprivation of life, liberty or property through the negligent act of a state official

1

does not violate the Due Process Clause.)  The court will therefore dismiss the plaintiff's case for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED that:**

**1) The case is dismissed in its entirety for failure to state a claim upon which relief can be granted.  The case is terminated without prejudice.**

**2) Any pending motions are denied as moot. [d/e 1, ifp]**

**3) The dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk is directed to record the strike against the plaintiff.**

**4) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**5) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**6) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 13th day of November, 2006.

s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE